Nott, J.
The act of the legislature, upon the eou-jtfructiou of which the decision of this ease depends, directing the order in which the debts due by a testator or intestate shall be paid, provides, “ that the funeral and other ex-pences of the last sickness, charges of probate of the will, er of letters of administration, shall be first paid; next-debts due to the public, he.”
The question now is, whether the debt in this case is in the sense of the act a debt due to the public? There is nothing on the face of the proceedings which will authorize us. to view it in that light, for we must, look beyond the case itself to see that the state has any interest in it. It is not then a debt due to the public; but it is due to the corporation, though the money w’.ien received may be for the use of the State. In the case of the United States’ Bank, against the Planters’ Bank of Georgia, (9th Wheaon, 907,) Chief justice Marshall, who delivered the opinion of the court, said, « the suit is against a corporation, and the judgment is to be satisfied by the property of the corporation, and not by that of the corporators. The state does not, by becoming a cor-porator, identify itself with the corporation. The Planters’ Bank of Georgia, is not the State of Georgia, alt: ough the. State holds an intex-est in it.” “It is,” he says, “a sound principle, that when a government becomes a partner in a *378 trading company, it divests itself so far as concerns the transactions of that company, of its soverign character, and. takes that of a private citizen.” I cannot distinguish that case from the one now under consideration. It is true the. átate of Georgia held but a part of the interest in that bank, and the State of South Carolina owns the whole in this. But nevertheless, we may with truth say, in the language of thát opinion, the Bank of the State of South Carolina, is not the State of South Carolina; it is only a corporation created for particular purposes, possessing the same powers and privileges of other corporations, and no more. The state did not transfer any portion of its sovereignty to this corporation, nor communicate to it any of its privileges or prerogatives, but has- placed it on the same level with other corporate' bodies, with the same privilege of suing, and liability of being sued, as an incident to such corporations I am of opinion, •' therefore, that the same principle by which the case referred to was governed, is applicable to this case, and that the bank is not entitled to any such preference as is contended for-'--, gmd that is the opinion of the court.
Grinike for the motion,
Gibbs and King contra-
The motion is, therefore, refused.